UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHARLES ALEXANDER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:17-CV-645-JD-MGG |
| OFFICER GREGORY HOWARD, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**

Charles Alexander, a prisoner without a lawyer, filed a complaint alleging the Defendants used excessive force in arresting him on October 11, 2013. ECF 1. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Here, the complaint is untimely because it was filed after the expiration of the statute of limitations. Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). This claim arose on October 11, 2013. Indiana's two-year limitations period applies to this case. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Therefore, the deadline for filing this lawsuit expired on October 12, 2015. However, Alexander did not mail the

complaint in this case until August 16, 2017. ECF 1 at 6. Therefore it is untimely. Because it is legally frivolous to file an untimely lawsuit, this case will be dismissed.

Though it is usually necessary to permit a pro se plaintiff to file an amended complaint, that is unnecessary where doing so would be futile. *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. Appx. 436, 438 (7th Cir. 2016); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, this case is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: August 23, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court